DENT, Special Administrator, etc., vs. COTZHAUSEN, impleaded with another.

*Cause of action for damages wrongfully recovered by defendant against third party.*

Where C. has obtained and collected a judgment against X. for damages for the taking and conversion of property alleged to belong to C., D. cannot compel C. to pay over the amount to him, on the ground that the property, in fact, belongs to him.

APPEAL from the Circuit Court for *Waukesha* County.

This action was originally brought January 3, 1867, against Adam Reith, *F. W. Cotzhausen*, Mason G. Smith, *William Birkhauser*, and Albert Alden, sheriff of said county, by *Dent* as special administrator on the estate of Anna Maria Birkhauser, deceased. The facts alleged in the complaint were substantially as follows : Said Anna died intestate August 4, 1865, leaving certain children her heirs at law. At the time of her death, she was seized, in her own right, of personal property worth $1,000, and was also seized and possessed of a farm in said county, with a dwelling-house, etc., thereon, in which she had a life estate derived by will from Joseph Reith, her first husband, who died in 1855. In 1856, said Anna had married said *William Birkhauser*, who, at the time of her death,

lived with her upon said farm, and acted as her agent in managing it and her personal property situated thereon, and who is still living. Soon after her death, said *William Birkhauser* (who "is a man of very dissolute habits and possessed of very little, if any, property of any kind"), claiming to be the owner and lawful possessor of all of said personal property, wrongfully and fraudulently and without lawful authority, sold or otherwise disposed of about $500 worth of said personal property. Adam Reith, who is a brother of said Joseph Reith, deceased, being desirous of preventing the waste of said personal property, and to secure and preserve what was left of it for the heirs of said Anna, procured letters of administration to be issued to him by the judge of the county court of said county upon the estate of Joseph Reith, under the mistaken belief that as such administrator he might lawfully take and hold, or dispose of, what remained of said personal property; and under that belief, in the fall or winter of 1865, he took from said farm what remained of the personal property of which said Anna died seized, worth about $600.

Soon afterward *William Birkhauser*, claiming to own said property or to be entitled to the possession thereof, as against said Adam, made a pretended sale and transfer of the property, and of all his right of action against said Adam for the unlawful taking, etc., of the same, to the defendants *Cotzhausen* and Smith, executing a written assignment to them; and thereupon they commenced an action in said circuit court against Adam Reith to recover damages for such unlawful taking, etc., and recovered a judgment against him for $574 damages, etc., which judgment remains unreversed and unsatisfied. Said *Cotzhausen* and Smith, at the time of said pretended sale and assignment to them, were fully informed of all the facts in respect to the ownership of said property and the rights of the children of said Anna above stated, and that *William Birkhauser* had no lawful claim thereto as against said children;

but in making said purchase they connived and colluded with *William Birkhauser* wrongfully to get possession of said property or its proceeds, and deprive said children thereof; and they have no just or equitable right, as against said children, or against this plaintiff, as such special administrator, to enforce the collection of said judgment against Adam Reith, or to receive the money due thereon, but the same ought to be paid to the plaintiff as such administrator. *Cotzhausen* and Smith had however had an execution issued and placed in the hands of the sheriff, Alden, who, by virtue thereof, levied on and seized goods of said Adam, of sufficient value to make the amount of the judgment, and advertised the same for sale on the 10th of January, 1867; and if said judgment should be collected and the money paid to *Cotzhausen* and Smith, plaintiff would be unable to recover from them, or either of them, the amount of the judgment, or the proceeds of the property of said estate, which, by means of said fraudulent assignment and said judgment, they would have wrongfully recovered and collected from said Adam. On the 18th day of December, 1866, plaintiff was duly appointed, by the county court of said county, special administrator to collect and take charge of the estate of said Anna Maria Birkhauser, deceased, and thereupon he brought this action. Prayer, for judgment that the aforesaid goods and chattels, taken as aforesaid by. Adam Reith, and the proceeds thereof, were and are the property of said Anna, and belong to her estate, and to plaintiff as administrator; that said Alden, *Cotzhausen* and Smith, etc., be restrained from collecting or enforcing said judgment against Adam Reith; and that said Adam deliver and pay over said goods and chattels, or the proceeds or true value thereof, to plaintiff for the use of said estate, and for general relief.

Afterward (apparently in March or April, 1867), the plaintiff discontinued his suit as against Adam Reith, Smith and Alden, and filed a supplemental complaint against *Cotzhausen* and

*Birkhauser*, which alleges that since the commencement of the action, and on or about February 16th, 1867, Alden, as sheriff, under said execution, proceeded to enforce and collect said judgment against Adam Reith, and the latter paid him the full amount of the judgment, etc., and the same was thereafter paid to said *Cotzhausen*, who claims to have been the sole owner of said judgment at that time, and that the moneys so paid him are his sole and lawful property, and that he has a lawful right to hold the same; but in fact said moneys, in equity and good conscience, are the property of the plaintiff as special administrator, etc., and rightfully belong to said estate; whereupon judgment is demanded that said moneys belong to said estate, and that *Cotzhausen* do account for and pay the same into the court or to plaintiff, for the use of said estate, with interest, etc., and for general relief.

A demurrer to the complaints as not stating a cause of action, was overruled; and the defendant *Cotzhausen* appealed.

*Mann & Cotzhausen*, for appellant.

*Levi Hubbell*, for respondent, after arguing that the personal property of Mrs. Birkhauser, on her death, became vested by operation of law in her administrator (R. S. ch. 99, §§ 1–11, and ch. 100, § 7; Willard on Ex'rs, 203, 204; Dayton's Surrogate, 68; 11 How. Pr. 15, 16; 9 Wend. 203, 204; 1 Sandf. 215; 2 id. 415, 417), and, subject to the payment of debts, descended to her heirs, and not to her husband (R. S., ch. 99, § 1, subd. 6; ch. 92, § 1, subds. 1 and 7; and ch. 5, § 1, subd. 2; *Ransom v. Nichols*, 22 N. Y. 112), contended that the complaint showed a cause of action against *Cotzhausen*. *William Birkhauser*, the husband, having no title to the property, could convey none to Smith and *Cotzhausen*. R. S. ch. 99, § 10; *Barrett v. Warren*, 3 Hill, 349, 353; *Covill v. Hill*, 4 Denio, 323; 1 Johns. 471. As assignees from him they stand in his shoes. "The true owner has a right to retain his property, and to hold *any one* responsible who has assumed the

right to dispose of it." *Williams v. Merle,* 11 Wend. 80. It matters not that Adam Reith had the goods which are the subject of the action, or that he is liable to the administrator as a tort-feasor. The administrator is not bound to pursue him, or him only. Smith and *Cotzhausen,* by taking a conveyance of the property, and by suing Adam Reith for it, "assumed the right to dispose of it;" and the appellant, by collecting the judgment which represented the property, also "assumed the right to dispose of it." Had all this been done *bona fide,* and without notice or knowledge of the rights of the real owners, the appellant would be equally "held responsible;" but he had full notice and knowledge of the facts; and, by his demurrer, he admits further, that he and Smith, "in making said purchase, connived and colluded with said *William Birkhauser,* wrongfully to get possession of said property or its proceeds, and deprive the said children thereof." The action against Adam Reith was prosecuted to judgment before the appellant was appointed administrator, or had power to act. The judgment did not bind him. Reith, though a wrong-doer, acted in good faith, and was in fact, a trustee for the real owners. He was the mere *conduit,* through which the property passed to the appellant. And, though by the *alchymy* of a law suit the wheat and oats have been transmuted into money, the rights of the true owner are the same. The appellant, having no title to the property, could not, by his action and judgment, acquire any title to the money. The judgment against Reith settled nothing but the naked right of possession between two wrong-doers; but it was the instrumentality by which the appellant took forcible possession of the proceeds of the property.— Counsel further contended, that this was peculiarly a case for equity, since no other than an equitable action would bring out all the facts, or do actual justice between the parties. If no such case has been known before, equity will provide a remedy, and take care that justice

be done. *Brown v. Brown*, 1 Barb. Ch. 217; *Supervisors of Albany Co. v. Durant*, 9 Paige, 186.

Dixon, C. J. This action is without precedent, and cannot be maintained. If, as the complaint alleges and the plaintiff contends, Adam Reith committed a trespass in taking and carrying away the property which belonged to the estate of Mrs. Birkhauser, deceased, of which estate the plaintiff is special administrator, then the plaintiff has his remedy by action against Adam Reith to recover the damages, and the suit by *Cotzhausen* and Smith against Adam Reith to recover damages for the taking and conversion of the same property, they claiming it to have been theirs, and the recovery by them, are transactions in which the plaintiff is in no way concerned. In an action by the plaintiff against Adam Reith, he cannot set up that suit in defense, or mitigate the damages by reason of the recovery there had against him. The theory of this action is, that as *Cotzhausen* and Smith have brought suit and recovered judgment against the person who committed trespass by taking the property of the plaintiff's intestate, therefore the plaintiff has a right to interfere, and by injunction to restrain and control that litigation. The plaintiff has no such right. He has no interest whatever in the controversy as between those parties, and, as suggested, his only motive seems to be to relieve Adam Reith, if possible, from the payment of the *Cotzhausen* and Smith judgment, which he conceives to have been unjust and unfounded; which motive, though it may be very commendable in itself, is, unluckily for the purposes which the plaintiff desires to accomplish, not sufficient to authorize him to maintain this action. Adam Reith may have been, and, as would appear from the statements of the complaints, undoubtedly was, very unfortunate; but, like many others who, with the best intentions, have become entangled in the meshes of the law, he must be relieved, if at all, on his own application

to the courts ; and if he cannot be so relieved, his benevolent neighbors or acquaintances cannot be permitted to bring suits for him.

*By the Court.*— Order reversed.